**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

IN RE:                                                                    Case No. 23-35477(CGM)

SHELLY JONES AND WARREN JONES

----------------------------------------------------------------------------X

SHELLY JONES AND WARREN JONES                   :     Adversary Proceeding Docket No.
,                                                               :     23-09014 (CGM)
                                                                :
                                  Plaintiff,                     :
                                                                :
                    -vs-                                         :
                                                                :
PENNYMAC       LOAN      SERVICES,      LLC,:
                                                                :
                                  Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X


**DEFENDANT PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' ADVERSARY COMPLAINT**

Blank Rome LLP
Andrea M. Roberts
Diana M. Eng
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5500
*Attorneys for Defendant PennyMac Loan Services, LLC*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT .............................................................................................................2

I. THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE because IT LACKS SUBJECT MATTER JURISDICTION ....................................................2

    A. Standard for Dismissal Under Rule 12(b)(1) ...........................................3

    B. This Court Should Take Judicial Notice of the Foreclosure and Bankruptcy Actions ...................................................................................4

    C. The Complaint Must Be Dismissed Because Debtors Lack Standing to Assert Their Claims Due to Their Failure to Adequately Disclose Such Claims in The First and Second Bankruptcy Actions ...............................5

    D. Judicial Estoppel Bars Debtors' Complaint ............................................9

    E. This Court Must Dismiss Debtors' Complaint Because the Court Lacks Subject Matter Jurisdiction Under the Rooker-Feldman Doctrine ........11

    F. Debtors' Claims Are Barred by the Anti-Injunction Act ........................15

    G. The Younger Abstention Doctrine Bars Debtors' Claims ......................16

II. DEBTORS' COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(6) BECAUSE DEBTORS FAIL TO STATE A CLAIM AS A MATTER OF LAW ...........17

    A. Standard for Dismissal Under Rule 12(b)(6) .........................................17

    B. Res Judicata and Collateral Estoppel Bar Debtors' Complaint .............19

    C. Debtors' FDCPA Claim Fails as a Matter of Law .................................22

    D. Debtors' TILA Claim Is Time-Barred ...................................................24

    E. Debtors' FCRA Claim Fails as a Matter of Law ....................................24

    F. Debtors' Breach of Contract Claim Fails as a Matter of Law ...............25

    G. Debtors' Fraud Claim Is Insufficiently Plead .......................................26

    H. Debtors' References to Various State and Federal Statutes Are Insufficient to State a Claim Under Rule 8(a)(2) .......................................................26

CONCLUSION.........................................................................................................27

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbatiello v. Wells Fargo Bank, N.A.,*
No. 15-CV-4210 SJF ARL, 2015 WL 5884797 (E.D.N.Y. Oct. 8, 2015) .............................15

*Adelphia Recovery Tr. v. Goldman, Sachs & Co.,*
748 F.3d 110 (2d Cir. 2014) ................................................................................10

*Anderson v. Davis Polk & Wardwell LLP,*
850 F. Supp. 2d 392 (S.D.N.Y. 2012) ....................................................................19

*Anthony v. Fein Such,*
2016 LEXIS 132878 (N.D.N.Y Sept. 28, 2016) ........................................................24

*Armstrong v. Simon & Schuster,*
85 N.Y.2d 373, 625 N.Y.S.2d 477 (1995) ...............................................................19

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...............................................................................17, 18

*Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,*
398 U.S. 281 (1970) ...............................................................................15

*ATSI Communications, Inc. v. Shaar Fund, Ltd.,*
493 F.3d 87 (2d Cir. 2007) .......................................................................4, 19

*Azuike v. BNY Mellon,*
962 F. Supp. 2d 591 (S.D.N.Y. 2013) ....................................................................11

*Barberan v. Nationpoint,*
706 F. Supp. 2d 408 (S.D.N.Y. 2010) ....................................................................24

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ...............................................................................18

*Bonner v. The Bank of New York Mellon,*
2016 WL 1426515 (E.D.N.Y. Feb. 22, 2016) ............................................................23

*Chambers v. Time Warner, Inc.,*
282 F.3d 147 (2d Cir. 2002) ....................................................................19

*Chartschlaa v. Nationwide Mut. Ins. Co.,*
538 F.3d 116 (2d Cir. 2008) ....................................................................5

ii

*Cody v. Charter Commc'ns, LLC*,
   2020 WL 3639935 (S.D.N.Y. July 6, 2020) ...............................................................5, 6

*Colon v. Coughlin*,
   58 F.3d 865 (2d Cir. 1995)......................................................................................20

*Conley v. Gibson*,
   355 U.S. 41 (1957)..................................................................................................18

*Cortec Industries, Inc. v. Sum Holding, L.P.*,
   949 F.2d 42 (2d Cir. 1991).......................................................................................4

*Dekom on Behalf of Little People v. Fannie Mae*,
   No. 17-CV-2712(JFB)(ARL), 2018 WL 4522080 (E.D.N.Y. Mar. 14, 2018) .................15, 16

*Dekom v. Fannie Mae*,
   2019 Dist. LEXIS 31552 (E.D.N.Y. Feb. 26, 2019).......................................................12, 20

*District of Columbia Court of Appeals v. Feldman*,
   460 U.S. 462 (1983)................................................................................................12

*Done v. Option One Mortg.*,
   2011 WL 1260820 (E.D.N.Y. Mar. 30, 2011) ............................................................12

*Exon Mobil Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280 (2005)................................................................................................13

*Gentner v. Shulman*,
   55 F.3d 87 (2d Cir. 1995).........................................................................................12

*Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*,
   2014 WL 4061157 (S.D.N.Y. July 11, 2014) ............................................................7

*Golisano v. Turek*,
   2015 WL 3522470 (W.D.N.Y. 2015) .......................................................................4

*Graham v. Select Portfolio Servicing*,
   156 F. Supp. 3d 491 (S.D.N.Y. 2016)......................................................................21, 22

*Grimes v. Fremont General Corp.*,
   785 F. Supp. 2d 269 (S.D.N.Y. 2011)......................................................................24

*Hachamovitch v. DeBuono*,
   159 F.3d 687 (2d Cir. 1998).....................................................................................12

*Hadees v. Johnson*,
   2016 WL 5349789 (N.D.N.Y. 2016) ........................................................................3

iii

*Haines v. Kerner*,
404 U.S. 519 (1972)...........................................................................................18

*Hall v. US Bank CEO Andrew Cecere, et al.*,
2020 WL 705212 (E.D.N.Y. Feb. 12, 2020).........................................................17

*Hansel v. Town Court*,
56 F.3d 391 (2d Cir. 1995)...................................................................................16

*Harding v. Paramount Pictures*,
2013 WL 174401 (S.D.N.Y. Jan. 16, 2013) .........................................................20

*Harris v. Mills*,
572 F.3d 66 (2d Cir.2009)..............................................................................17, 18

*Harris v. N.Y. State Dep't of Health*,
202 F. Supp. 2d 143 (S.D.N.Y. 2002)....................................................................4

*Herrera v. Navient Corps.*,
2020 WL 3960507 (E.D.N.Y. July 13, 2020).......................................................23

*Hoblock v. Albany County Bd. Of Elections*,
422 F.3d 77 (2d Cir. 2005)...................................................................................12

*Hussian v. U.S. Bank Nat'l Ass'n*,
No. 18cv3250, 2018 WL 2744725 (E.D.N.Y. June 7, 2018).................................17

*Ibok v. Siac-Sector Inc.*,
2011 WL 979307 (S.D.N.Y. Mar. 14, 2011) ........................................................11

*Ibok v. SIAC-Sector, Inc.*,
470 Fed. Appx. 27 (2d Cir. 2012) .......................................................................3, 9

*IKB Int'l S.A. v. Bank of Am. Corp.*,
2014 WL 1377801 (S.D.N.Y. Feb. 28, 2014).........................................................4

*In re Arana*,
456 B.R. 161 (Bankr. E.D.N.Y. 2011)................................................................5, 6

*In re Golden*,
596 B.R. 239 (E.D.N.Y. 2019; Fed. R. Bankr. P. 9013).......................................27

*In re Hunter*,
4 N.Y.3d 260, 794 N.Y.S.2d 286 (2005) ..............................................................19

*In re Lowery*,
298 B.R. 512 (Bankr. E.D.N.Y. 2008)....................................................................5

iv

*In re Lowery*,
398 B.R. 512 (Bankr. E.D.N.Y. 2013)..................................................................................6

*In re Wilson*,
492 B.R. 691 (Bankr. S.D.N.Y. 2013)................................................................................27

*Int'l Audiotext Network v. America Tel & Tel. Co.*,
62 F.3d 69 (2d Cir. 1995)....................................................................................................19

*Jackson v. New York*,
523 Fed. Appx. 67 (2d Cir. 2013).........................................................................................4

*Jones v. Deutsche Bank Nat'l Trust, Co.*,
2013 U.S. Dist. LEXIS 30220 (E.D.N.Y. March 1, 2013) ..................................................21

*JPMorgan Chase Bank, N A. v. Controladora Comercial Mexicana S.A.B. DE C.V*,
29 Misc. 3d 1227(A), 920 N.Y.S.2d 241 (Sup. Ct. N.Y. Cty. 2010)....................................25

*Karamath v. United States Bank*,
2012 U.S. Dist. LEXIS 135038 (E.D.N.Y. Aug. 29, 2012)...................................................21

*Kassner v. 2nd Ave. Delicatessen Inc.*,
2005 WL 1018187 (S.D.N.Y. 2005).................................................................................9, 11

*Kotbi v. Hilton Worldwide, Inc.*,
2012 WL 914951 (S.D.N.Y. Mar. 19, 2022) .........................................................................5

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991)..................................................................................................4

*Kropelnicki v. Siegel*,
290 F.3d 118 (2d Cir. 2002)................................................................................................12

*Kunica v. St. Jean Fin., Inc.*,
233 B.R. 46 (S.D.N.Y. 1999)................................................................................................8

*LaTouche v. Wells Fargo Home*,
2017 WL 8776975 (E.D.N.Y. Aug. 25, 2017)......................................................................17

*Lee v. Forster & Garbus LLP*,
926 F.Supp.2d 482 (E.D.N.Y. 2013) ....................................................................................7

*Lewis v. Portfolio Recovery Assocs., Ltd.*,
2015 U.S. Dist. LEXIS 153943 (D.N.J. 2015) ......................................................................7

*MacEntee v. IBM (International Business Machines)*,
783 F. Supp. 2d 434 (S.D.N.Y. 2011)..................................................................................19

v

*Marakova v. United States*,
 201 F.3d 110 (2d Cir. 2000)......................................................................3

*McCarty v. The Bank of New York Mellon*,
 2015 WL 5821405 (S.D.N.Y. 2015).........................................................24

*Misonzhnik v. Alltran Financial, LP*,
 2018 WL 10070491 (E.D.N.Y. Mar. 14, 2018)...........................................7

*Moccio v. New York State Office of Court Admin.*,
 95 F.3d 195 (2d Cir. 1996).......................................................................12

*Moore v. Diversified Collection Servs., Inc.*,
 2009 WL 1873654 (E.D.N.Y. June 29, 2009) ..........................................23

*Morris v. 702 E. Fzfih St. HDFC*,
 46 A.D.3d 478, 850 N.Y.S.2d 6 (1st Dept. 2007).....................................25

*Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*,
 723 F.3d 192 (2d Cir. 2013).....................................................................26

*Nardino v. Credit Control LLC*,
 2019 WL 2053708 (E.D.N.Y. Mar. 26, 2019) ............................................6

*New Hampshire v. Maine*,
 532 U.S. 742 (2001).................................................................................10

*Niagara Restitution Servs., Inc. v. Degen*,
 No. 15-CV-580-FPG, 2016 WL 3004665 (W.D.N.Y. May 23, 2016) ..................25

*Noise in the Attic Prods., Inc. v. London Records*,
 10 A.D.3d 303, 782 N.Y.S.2d 1 (1st Dept. 2004).....................................25

*Nunez v. Mercantile Adjustment Bureau, LLC*,
 2020 WL 2475619 (E.D.N.Y. May 13, 2020) .............................................7

*O'Brien v. City of Syracuse*,
 54 N.Y.2d 353 (1981) ..............................................................................20

*Osorio v. Hasenmeyer*,
 2005 WL 408048 (E.D.N.Y. 2005).............................................................3

*Peters v. Timespan Communications, Inc.*,
 2000 WL 340900 (S.D.N.Y. Mar. 30, 2000) ............................................19

*Phifer v. City of New York*,
 289 F.3d 49 (2d Cir. 2002)........................................................................20

vi

*Polanco v. NCO Portfolio Mgmt., Inc.*,
    132 F. Supp. 3d 567 (S.D.N.Y. 2015)...................................................................23

*Raila v. United States*,
    255 F.3d 118 (2d Cir. 2004)..............................................................................3

*Ridenhour v. Bryant*,
    No. 1:19-CV-2587 (ALC), 2020 WL 1503626 (S.D.N.Y. Mar. 29, 2020) ...........................25

*Rinaldi v. Green Tree Servicing LLC*,
    2015 WL 5474115 (S.D.N.Y. June 8, 2015) ........................................................27

*Robinson v. Concentra Health Servs. Inc.*,
    781 F.3d 42 (2d Cir. 2015)................................................................................10

*Romeo v. FMA Alliance, Ltd.*,
    2016 WL 3647868 (E.D.N.Y. 2016)..........................................................3, 5, 6, 7

*Rosenshein v. Kleban*,
    918 F. Supp. 98 (S.D.N.Y. 1996) ................................................................8, 9, 11

*Roth v. Solomon & Solomon, P.C.*,
    2018 WL 718402 (E.D.N.Y. Feb. 5, 2018).............................................................6

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000)..................................................................................4

*Scott v. Capital One, Nat'l Assocs.*,
    2013 WL 1655992 (S.D.N.Y. Apr. 17, 2013).......................................................14

*Sea Trade Co. v. FleetBoston Fin. Corp.*,
    2008 WL 4129620 (S.D.N.Y. Sept. 4, 2009), *aff'd sub nom*.................................10

*Sembler v. Attention Funding Trust*,
    2009 WL 2883049 (E.D.N.Y. Sept. 3, 2009), *report and recommendation
    adopted*, 2009 WL 3055347 (E.D.N.Y Sept. 24, 2009).........................................23

*Simpson v. Putnam County Nat'l Bank of Carmel*,
    20 F. Supp. 2d 630 (S.D.N.Y 1998)...............................................................12, 13

*Slavin v. Benson*,
    493 F. Supp. 32 (S.D.N.Y 1980) ..................................................................20, 21

*Smith* v. *Wayne Weinberger, P.C.*,
    994 F. Supp. 418 (E.D.N.Y. 1998) ...............................................................13, 14

*Sprint Communications, Inc. v. Jacobs*,
    134 S. Ct. 584 (2013)........................................................................................16

136044.02096/132767026v.3

*Steger v. Delta Airlines, Inc.*,
 382 F. Supp. 2d 382 (E.D.N.Y. 2005) ...................................................................19

*Sutton v. Rodriguez*,
 2020 WL 5504312 (S.D.N.Y. Sept. 8, 2020) ..........................................................18

*Swiatkowski v. Citibank*,
 745 F. Supp. 2d 150 (E.D.N.Y. 2010), *aff'd, 446* F. App'x 36 (2d Cir. 2011)......................20

*Thomas v. Westchester Cty.*,
 2013 WL 3357171 (S.D.N.Y. July 3, 2013) ...........................................................18

*Ungar v. Mandell*,
 471 F.2d 1163 (2d Cir. 1972)................................................................................15

*U.S. ex rel. O'Toole v. Community Living Corp.*,
 2020 WL 2512099 (S.D.N.Y. May 14, 2020) .......................................................10

*Walker v. Pitnell*,
 2020 WL 5764102 (E.D.N.Y. Sept. 26, 2020) ...............................................22, 27

*Weiss v. Village of Sag Harbor*,
 762 F. Supp. 560 (E.D.N.Y. 2011) .......................................................................19

*Wenegieme v. U.S. Bank Nat'l Ass'n*,
 No. 16-CV-2634 (AMD), 2016 WL 3348539 (E.D.N.Y. June 9, 2016) ...........15, 17

*Wilson v. Kellog Co.*,
 628 Fed. Appx. 59 (2d Cir. 2016) ........................................................................19

*Woori Bank v. RBS Sec., Inc.*,
 910 F. Supp. 2d 697 (S.D.N.Y. Dec. 27, 2012) ....................................................26

*Yeiser v. GMAC Mortgage Corp.*,
 535 F. Supp. 2d 413 (S.D.N.Y. 2008)...................................................................20

*Younger v. Harris*,
 401 U.S. 37 (1971)...........................................................................2, 3, 16, 17

*Zaptocky v. CIT Bank, N.A.*,
 587 B.R. 589 (S.D.N.Y. 2018).............................................................................13

**Statutes**

11 U.S.C. § 362.......................................................................................................16

11 U.S.C. § 521(a)(1).................................................................................................7

11 U.S.C. § 524(A)(2)..........................................................................................26, 27

11 U.S.C. § 541(a)(1) ..................................................................................5

11 U.S.C. § 554(c) ......................................................................................8

11 U.S.C. § 554(d) ......................................................................................8

15 U.S.C. § 1635(f) ...................................................................................24

15 U.S.C. § 1640(e) ..................................................................................24

15 U.S.C. § 1681s–2(a) *et seq.* .................................................................24

15 U.S.C. § 1692k(d) ................................................................................23

18 U.S.C. § 8 .............................................................................................27

18 U.S.C. § 1961 .......................................................................................27

28 U.S.C. § 2283 .......................................................................................15

## Other Authorities

Fed. R. Bankr. P. 1009(a) ...........................................................................6

Fed. R. Bankr. P. 7012(b) ...........................................................................1

Fed. R. Civ. P. 8(a)(2) ........................................................................26, 27

Fed. R. Civ. P. 9(b) ...................................................................................26

Fed. R. Civ. P. 12(b)(1) ..................................................................1, 2, 3, 7

Fed. R. Civ. P. 12(b)(6) ..............................................................1, 3, 17, 18

136044.02096/132767026v.3

Defendant PennyMac Loan Services, LLC ("PLS" or "Defendant") by and through its attorneys, Blank Rome LLP, respectfully submits this Memorandum of Law in support of its motion to dismiss (the "Motion"), seeking an Order: (1) pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") Rule 12(b)(1) ("Rule 12(b)(1)") made applicable by Bankruptcy Rule 7012(b), dismissing Plaintiffs, Shelly Jones and Warren Jones' ("Debtors") Adversary Complaint with prejudice for lack of subject matter jurisdiction; (2) pursuant to Rule 12(b)(6) ("Rule 12(b)(6)"), dismissing Debtors' Complaint with prejudice for failure to state a claim; and (3) granting such other and further relief as this Court may deem just and proper.

## PRELIMINARY STATEMENT[1]

Debtors commenced this Adversary Proceeding to assert various claims against PLS for: (1) violating the Truth in Lending Act ("TILA"); (2) violating the Fair Credit Reporting Act ("FCRA"); (3) violating the Fair Debt collection Practices Act ("FDCPA"); (4) breach of contract and (5) fraud. Debtors also challenge PLS's standing to foreclose. However, Debtors' claims are nothing but another improper attempt to stall the Foreclosure Action and circumvent the MSJ Order, which resolved all contested issues in the Foreclosure Action, including PLS's standing. As detailed below, Debtors' claims fail as a matter of law and must be dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim.

First, Debtors' Complaint must be dismissed for lack of subject matter jurisdiction because (i) Debtors lacks standing to bring their claims, as both Debtors' First and Second Bankruptcy Petitions utterly failed to disclose their purported TILA, FCRA, FDCPA, breach of contract and

---

[1] The facts relevant to this Motion are set forth fully in the Declaration of Andrea M. Roberts, dated September 6, 2023 (the "Roberts Decl."), and the exhibits annexed thereto. All capitalized terms not defined herein shall have the meaning ascribed to them in the Roberts Declaration.

136044.02096/132767026v.3

fraud claims; (ii) judicial estoppel precludes Debtors from bringing their alleged TILA, FCRA,

FDCPA, breach of contract and fraud claims, because, among other things, Debtors failed to

adequately disclose such claims against PLS as assets in their bankruptcy filings; (iii) the *Rooker-*

*Feldman* doctrine bars Debtors' claims related to the Foreclosure Action, where  summary

judgment was entered in favor of PLS, and Debtors failed to appeal the MSJ Order; and (iv)

Debtors' claim for injunctive relief is barred by the Anti-Injunction Act and *Younger* abstention

doctrine.

Second, to the extent the Court determines it has subject matter jurisdiction, *res judicata*

and collateral estoppel preclude Debtors from asserting their claims in this action because Debtors

previously challenged PLS's standing, and the New York State Court ("State Court") already held

that PLS has standing in the Foreclosure Action.  Moreover, Debtors' newly-raised claims could,

and should, have been raised in the Foreclosure Action because they relate to, and arise from the

same transaction.  Regardless, Debtors' TILA, FCRA, FDCPA, breach of contract and fraud

claims fail as a matter of law.  Accordingly, Debtors' Complaint must be dismissed in its entirety

*with* prejudice.

## ARGUMENT

## I.      THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE BECAUSE IT LACKS SUBJECT MATTER JURISDICTION

Debtors' Complaint must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter

jurisdiction.  Specifically, (a) Debtors lack standing to commence the Action because they failed

to adequately disclose their pre-petition claims or even include their purported claims in either

their First or Second Bankruptcy petitions, so such claims remain a part of the bankruptcy estate;

and (b) the doctrine of judicial estoppel precludes Debtors from litigating their claims.  Moreover,

the *Rooker-Feldman* doctrine prevents Debtors from seeking federal court review of the state

2

court's MSJ Order in the Foreclosure Action and the Anti-Injunction and *Younger* doctrines preclude the Court from granting Debtors injunctive relief.

## A. Standard for Dismissal Under Rule 12(b)(1)

Rule 12(b)(1) permits a party to move to dismiss a claim asserted against it for "lack of subject matter jurisdiction. In determining a motion to dismiss pursuant to Rule 12(b)(1), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Hadees v. Johnson*, 2016 WL 5349789, *1 (N.D.N.Y. 2016) (citing *Raila v. United States*, 255 F.3d 118, 118 (2d Cir. 2004)) (internal quotations omitted).

"A court may dismiss an action only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." *Id.* (internal quotations omitted). If a party also moves to dismiss pursuant to Rule 12(b)(6), the court must first determine whether the complaint must be dismissed for lack of subject matter jurisdiction. *Id.*

Further, the Court "may consider affidavits and other material beyond the pleadings to resolve jurisdictional questions under Rule 12(b)(1)." *Osorio v. Hasenmeyer*, 2005 WL 408048, *1 (E.D.N.Y. 2005); *see also Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (holding, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings"); *Romeo v. FMA Alliance, Ltd.*, 2016 WL 3647868, *1 (E.D.N.Y. 2016). "To the extent that a Rule 12(b)(1) motion places jurisdictional facts in dispute – in this case, whether [plaintiff] disclosed the underlying lawsuit in his bankruptcy proceedings – a district court may properly consider evidence outside of the pleadings." *Ibok v. SIAC-Sector, Inc.*, 470 Fed. Appx. 27, 28 (2d Cir. 2012).

3

### B. This Court Should Take Judicial Notice of the Foreclosure and Bankruptcy Actions

As a preliminary matter, this Court should take judicial notice of the Foreclosure and Bankruptcy Actions. "Matters subject to judicial notice—such as decisions in related proceedings—are properly considered on a motion to dismiss and do not require the court to consider the motion as one for summary judgment." *Jackson v. New York*, 523 Fed. Appx. 67, 68 (2d Cir. 2013); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (a court is permitted to take judicial notice of matters of public record when considering a motion to dismiss); *IKB Int'l S.A. v. Bank of Am. Corp.*, 2014 WL 1377801, at * 4 (S.D.N.Y. Feb. 28, 2014) (On a motion to dismiss "[t]he Court also may consider 'matters of which judicial notice may be taken.'") (internal citations omitted).

Specifically, a district court can "take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer*, *supra*, 937 F.2d at 774. Additionally, a court "may take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action." *Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 173 n. 13 (S.D.N.Y. 2002).

Further, a court may consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit on a motion to dismiss." *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).[2] Thus, this Court

---

[2] *See also Golisano v. Turek*, 2015 WL 3522470, at *2 (W.D.N.Y. 2015) (reviewing papers outside of the Complaint to determine a motion to dismiss and quoted the Court of Appeals decision in *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) when it stated "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."); *Cortec*

4

should take judicial notice of the pleadings and record in the Foreclosure Action and First and Second Bankruptcy Actions, which make clear that Debtors lack standing to assert their TILA, FCRA, FDCPA, breach of contract and fraud claims and that this current Action is barred by judicial estoppel, the *Rooker-Feldman* doctrine, *res judicata* and collateral estoppel. Accordingly, the Court must dismiss this Action as a matter of law with prejudice.

### C. The Complaint Must Be Dismissed Because Debtors Lack Standing to Assert Their Claims Due to Their Failure to Adequately Disclose Such Claims in The First and Second Bankruptcy Actions

"In bankruptcy, all of petitioner's assets, including causes of action, become the property of the bankruptcy estate." *Kotbi v. Hilton Worldwide, Inc.*, 2012 WL 914951, at *2 (S.D.N.Y. Mar. 19, 2022) (citing 11 U.S.C. § 541(a)(1)). Assets include "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative," including "causes of action owned by the debtor or arising from property of the estate." *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008). At the commencement of a bankruptcy action, a debtor has a duty to disclose, in the relevant schedules, all of his or her interests and property rights. *See In re Lowery*, 298 B.R. 512, 515 (Bankr. E.D.N.Y. 2008); *In re Arana,* 456 B.R. 161, 169 (Bankr. E.D.N.Y. 2011) (holding, "[a]n individual debtor must disclose *all* his interests at the commencement of a case") (emphasis in the original). The duty to disclose also encompasses a debtor's obligation to disclose "any inchoate legal claims possessed by the debtor." *Romeo v. FMA Alliance, LTD*, 2016 WL 3647868, *5 (E.D.N.Y. June 30, 2016); *Cody v. Charter Commc'ns, LLC*, 2020 WL 3639935, at *6 (S.D.N.Y. July 6, 2020) (petitioners have "an affirmative obligation" to disclose their assets to the bankruptcy court, " 'including all causes of action that

---

*Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure . . . .").

can be brought by the debtor' because 'the bankruptcy system as a whole is grounded on the proposition that all creditors have a right to know what the debtor's assets are even though the potential may be contingent, dependent, or conditional'") (internal citation omitted). The duty to disclose "is a continuing one and does not end with the filing of the bankruptcy petition." *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2013). To ensure continued compliance, the debtor may amend the "petition, list, schedule or statement, at any time, to disclose all legal claims before the bankruptcy action is closed." *See Arana*, *supra*, 456 B.R. at 169 (quoting Fed. R. Bankr. P. 1009(a)).

"During the pendency of a bankruptcy case, the debtor does not have standing to initiate or pursue an action based on a prepetition claim unless the trustee abandons it back to the debtor." *Romeo,* 2016 WL 3647868 at *5 (quoting *Arana,* 456 B.R. at 170); *see also Cody*, *supra*, 2020 WL 3639935, at * 6. Thus, "[w]hen an action is ***not*** disclosed by the debtor, it remains property of the bankruptcy estate ***even after the case is closed*** – indeed, unless it is administered or abandoned by the trustee, the action remains property of the estate forever," and the debtor's rights to prepetition claims are extinguished. *Id.*; *Nardino v. Credit Control LLC*, 2019 WL 2053708 (E.D.N.Y. Mar. 26, 2019) ("when a potential legal claim is not disclosed by the debtor, it remains the property of the bankruptcy estate even after the case is closed") (internal citations omitted). The bankruptcy trustee, therefore, has exclusive standing to assert all undisclosed claims within the bankruptcy estate. *See Romeo,* 2016 WL 3647868 at *6 (citation omitted); *Roth v. Solomon & Solomon, P.C.*, 2018 WL 718402, at *4 (E.D.N.Y. Feb. 5, 2018) ("Because unscheduled claims remain 'the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed.'") (internal citations omitted);

6

*Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*, 2014 WL 4061157, at *4 (S.D.N.Y. July 11, 2014).

To determine whether the assets described on a debtors' Schedules comply with 11 U.S.C. § 521(a)(1) of the Bankruptcy Code, courts "typically look at whether the schedule gives the trustee enough information about the claim so he or she can decide if he claim is worth pursuing." *Lee v. Forster & Garbus LLP*, 926 F.Supp.2d 482, 489 (E.D.N.Y. 2013). Where the debtor fails to disclose a TILA, FCRA, or FDCPA violation, or breach of contract claim or fraud claim at all, or discloses it as a "Possible" claim "without any supporting details that would assist the trustee in conducting a related investigation," the debtor has failed to disclose the potential claim and, therefore, the debtor's subsequent claim must be dismissed pursuant to Rule 12(b)(1). *See Romeo, supra,* 2016 WL 3647868 at *9-11 ("Accordingly, his claim against FMA remains the exclusive property of his bankruptcy estate, and he lacks standing to prosecute the action. The Defendant's motion to dismiss Romeo's complaint under Rule 12(b)(1) is therefore granted."); *Misonzhnik v. Alltran Financial, LP*, 2018 WL 10070491 (E.D.N.Y. Mar. 14, 2018) (finding plaintiff lacked standing to commence FDCPA action because her bankruptcy schedule, which stated "Potential FDCPA claim(s)," inadequately disclosed the claim that was the subject of the action); *Nunez v. Mercantile Adjustment Bureau, LLC*, 2020 WL 2475619 (E.D.N.Y. May 13, 2020) (holding plaintiff lacked standing to pursue FDCPA claims where the bankruptcy schedules stated: "FDCPA Claims against debt collectors from collection letters[,] statutory damages of one thousand dollars per claim & fees"); *Lewis v. Portfolio Recovery Assocs., Ltd.*, 2015 U.S. Dist. LEXIS 153943, *7 (D.N.J. 2015) (holding where a debtor merely wrote "lawsuits" in the bankruptcy petition, but "failed to disclose against whom the lawsuits were directed, or the specific

7

type of claim being asserted . . . is not adequate to notify the Trustee as to who the Trustee should pursue and what causes of action should be brought.").

Here, Debtors lack standing to assert their purported TILA, FCRA, FDCPA, breach of contract and fraud claims for several reasons. First, these claims were not abandoned by the trustee because Debtors failed to disclose them in their Schedules, and, therefore, such claims remain the property of the bankruptcy estate. 11 U.S.C. § 554(c), (d) (while properly scheduled estate property that has not been administered by the trustee normally returns to the debtor … undisclosed assets automatically remain property of the estate … ); *see also Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 53 (S.D.N.Y. 1999) ("a debtor may not conceal assets and then, upon termination of the bankruptcy case, utilize the assets for [his] own benefit"); *Rosenshein v. Kleban*, 918 F. Supp. 98, 103 (S.D.N.Y. 1996) ("[c]ourts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims . . . and the claims must be dismissed."). Notably, nothing in Debtors' Schedules provides the trustee with any notice or information whatsoever regarding Debtors' claims against PLS. *See* Roberts Decl., Exs. 19 & 23. Thus, the trustee was not able to evaluate such claims and make a determination to bring, or abandon, such claims against PLS.

Second, Debtors' claims stem from the subject Loan and Foreclosure Action – all of which occurred *prior* to the filing of the First Bankruptcy Action on January 20, 2023 and Second Bankruptcy Action on June 8, 2023. For Debtors to have standing to assert these causes of action now, Debtors **must** have listed these pre-petition causes of action as assets in their Schedules to their Petitions in the Bankruptcy Actions. This Debtors failed to do. Specifically, in the First Bankruptcy Action, Debtors checked "no" when asked whether there were "other amounts someone owes you," whether they had any "claims against third parties, whether or not you have

8

filed a lawsuit or made a demand for payment," and whether there were "other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claim" on their First Petition. Roberts Decl., Ex. 19 at Schedule A/B, ¶¶ 30, 33 & 34.

Further, Debtors again checked "no" when asked whether there were "other amounts someone owes you," whether they had any "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment," and whether there were "other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claim" on their Second Petition. Roberts Decl., Ex. 23 at Schedule A/B, ¶¶ 30, 33 & 34. Thus, Debtors failed to disclose their purported TILA, FCRA, FDCPA, breach of contract and fraud claims in both the First and Second Petitions even though these claims arose *pre*-petition.

Because the TILA, FCRA, FDCPA, breach of contract and fraud claims asserted in the Complaint remain the property of the bankruptcy estate, Debtors lack standing to bring such claims, and the Complaint must be dismissed with prejudice.

### D. Judicial Estoppel Bars Debtors' Complaint

The doctrine of judicial estoppel "prevent[s] a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." *Ibok v. SIAC-Sector Inc*, 470 Fed. Appx. 27, 28 (2d Cir. 2012) (internal quotations and citations omitted). "The courts will not permit a debtor to obtain relief from the bankruptcy court by representing no claims exist and then subsequently to assert those claims for his own benefit in a subsequent proceeding." *Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D.N.Y. 1996) (applying judicial estoppel where debtor pursed undisclosed causes of action on the grounds that the "integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets"); *Kassner v. 2nd Ave. Delicatessen Inc.*, 2005 WL 1018187, *4 (S.D.N.Y. 2005) ("A debtor, who conceals a cause of

9

action during his bankruptcy case, is not entitled to then litigate those claims for his own benefit once the bankruptcy case is closed."); *Sea Trade Co. v. FleetBoston Fin. Corp.*, 2008 WL 4129620, at \*5 (S.D.N.Y. Sept. 4, 2009), *aff'd sub nom.; U.S. ex rel. O'Toole v. Community Living Corp.*, 2020 WL 2512099, at \*6 (S.D.N.Y. May 14, 2020) ("[W]ere it true that Relator wholly failed to disclose his claims either to the bankruptcy court or to Plaintiff, it is clear that the claims currently before this Court would indeed be barred due to Relator's failure to disclose said claims[.]").

Similarly, judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding." *Robinson v. Concentra Health Servs. Inc.*, 781 F.3d 42, 45 (2d Cir. 2015) (citation omitted).

The exact criteria for invoking judicial estoppel "will vary based on 'specific factual contexts.'" *Adelphia Recovery Tr. v. Goldman, Sachs & Co.,* 748 F.3d 110, 116 (2d Cir. 2014) (internal citation omitted). Generally, judicial estoppel will apply where (1) a party's later position is "clearly inconsistent" with its earlier position; (2) the party's former position has been adopted in some way by the court in the earlier proceeding; and (3) the party asserting the two positions would derive an unfair advantage or impose an unfair detriment on the party seeking estoppel. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). To invoke judicial estoppel, the moving party must establish: "(1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." *Robinson, supra*, 781 F.3d at 45.

Here, judicial estoppel bars Debtors' claims because, as established in Point I(C) *supra*, Debtors failed to adequately disclose their purported TILA, FCRA, FDCPA, breach of contract and fraud claims against PLS as assets in both their First and Second Bankruptcy Actions. Instead,

Debtors affirmatively represented that they did ***not*** have any claims against third parties. Roberts Decl., Exs. 19 & 23 at Schedule A/B, ¶ 30, 33 & 34. Now, after disclaiming any claims against PLS in their Schedules, Debtors inconsistently seek to assert their TILA, FCRA, FDCPA, breach of contract and fraud claims that they failed to disclose in the Second Bankruptcy Case. *See Rosenshein*, 918 F. Supp. at 104; *Kassner*, 2005 WL 1018187 at *4. Moreover, Debtors' failures to disclose their claims against PLS were done in an attempt to obtain an unfair advantage. By failing to disclose these purported claims as assets on their Schedules, Debtors prevented the Trustee from "pursuing his claim for the benefit of his creditors while preserving his ability to recover on the claim himself." *Azuike v. BNY Mellon*, 962 F. Supp. 2d 591, 599 (S.D.N.Y. 2013).

Finally, allowing Debtors to pursue their claims "absent full and honest disclosure of their [their] assets would violate the integrity of the bankruptcy system," which is consistent with the doctrine of judicial estoppel. *Ibok v. Siac-Sector Inc.*, 2011 WL 979307, at *3 (S.D.N.Y. Mar. 14, 2011). Accordingly, the Court should grant PLS's Motion based on judicial estoppel.

E. **This Court Must Dismiss Debtors' Complaint Because the Court Lacks Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine**

In the event the Court finds that Debtors have standing to commence this Adversary Proceeding and their claims are not judicially estopped, which PLS denies, Debtors' Complaint must still be dismissed for lack of subject matter jurisdiction because the *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction over cases in which a plaintiff challenges or seeks to re-litigate state court judgments.

Four requirements must be met for *Rooker-Feldman* to divest a district court of subject matter jurisdiction: (1) the federal-court plaintiff lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff invites district court review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court

11

proceedings commenced. *See Hoblock v. Albany County Bd. Of Elections,* 422 F.3d 77, 85 (2d Cir. 2005).

In addition to claims that were actually litigated in state court, the *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction over claims that are "inextricably intertwined" with state court determinations. *See Hachamovitch v. DeBuono,* 159 F.3d 687, 694 (2d Cir. 1998). At a minimum, "inextricably intertwined" means "where a federal plaintiff had an opportunity to litigate a claim in a state proceeding . . . , subsequent litigation of the claim will be barred under the *Rooker- Feldman* doctrine if it would be barred under the principles of preclusion." *See Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 199-200 (2d Cir. 1996); *Hoblock, supra,* 422 F.3d at 86 (2d Cir. 2005). Further, "if adjudication of a claim in federal court would require the court to determine the state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment." *See Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002); *Done v. Option One Mortg.*, 2011 WL 1260820, at *6 (E.D.N.Y. Mar. 30, 2011) ("Given the factual allegations and relief sought, which are inextricably intertwined with the state court judgment and would require overturning the state court judgment, this Court [should] conclude[] that the substantive requirements of the *Rooker-Feldman* doctrine are met."). Notably, "a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court." *Dekom v. Fannie Mae*, 2019 Dist. LEXIS 31552, at *26-27 (E.D.N.Y. Feb. 26, 2019).

Even if the state court judgment was wrongly procured, federal courts are not authorized to exercise appellate review of a state court judgment. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Gentner v. Shulman,* 55 F.3d 87 (2d Cir. 1995); *Simpson v. Putnam County Nat'l Bank of Carmel,* 20 F. Supp. 2d 630 (S.D.N.Y 1998) ("even if the state court

12

judgment was wrongly procured, it is effective and conclusive until it is modified or reversed in the appropriate State appellate or collateral proceeding"); *Zaptocky v. CIT Bank, N.A.*, 587 B.R. 589 (S.D.N.Y. 2018) (quoting *Simpson*); *Exon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). The state court's judgment is effective and conclusive until it is modified or reversed in the appropriate state appellate or collateral proceeding. *Simpson*, 20 F. Supp. 2d at 630; *Smith* v. *Wayne Weinberger, P.C.*, 994 F. Supp. 418, 424 (E.D.N.Y. 1998).

Here, the *Rooker-Feldman* doctrine applies, as all the elements are met. First, Debtors lost in New York State Court, where they repeatedly contested the merits of the Foreclosure Action, including PLS's standing to foreclose. Roberts Decl., Exs. 7 & 14. In fact, Debtors repeatedly challenged PLS's standing to foreclose in the Foreclosure Action as they do now in the Complaint. The State Court rejected such arguments twice, including as recently in its MSJ Order.

Second, the filing of the Complaint was in response to the entry of the MSJ Order in an effort to prevent PLS from proceeding with the Foreclosure Action. Notably, Debtors did not appeal the MSJ Order, but, instead, filed the First and Second Bankruptcy Actions, and now the Complaint.

Third, Debtors are asking this Court to reject and overturn the MSJ Order in the Foreclosure Action. For example, Debtors allege, among other things, that:

- Debtors "are unable to find any documentation considered evidence admissible in court that verifies we owe this debtor or that Pennymac Loan Services has any legal standing to collect anything." Complaint, ¶ 3;

- Debtors "also do not have any documentation that Pennymac has any legal standing to collect this alleged debt or a portion thereof in the past." *Id*. at ¶ 4;

- PLS is "attempting to collect a non-existent debt that is not in default." *Id*. at pg 2: 21-22;

- PLS is attempting to "obtain property that they never had the right to claim in the first place, and it was fraudulently assigned." *Id*. at pg. 3: 2-3;

- The "copy of the Shelly Jones note shows no endorsement of the note attempting to make the note payable to anyone." *Id*. at pg. 3, Point A;

- PLS "has committed fraud upon the court and needs to be held liable for their frivolous action." *Id*. at pg. 3, Point B; and

- PLS has "no Proof of Claim and they lack standing." *Id*, at pg. 5: 14.

*See Scott v. Capital One, Nat'l Assocs.*, 2013 WL 1655992, at *3 (S.D.N.Y. Apr. 17, 2013) ("Plaintiffs clearly complain of an injury caused by the judgment of foreclosure," where they alleged that the lender lacks standing to commence the foreclosure action); *Smith v. Wayne Weinberger, P.C.*, 994 F. Supp. 418, 424 (E.D.N.Y. 1998) ("Smith's claims for conversion are merely a thinly-veiled effort to invalidate the State Court's foreclosure judgment, in contravention of Rooker-Feldman.").

Fourth, the MSJ Order was entered on October 3, 2022 – *10 months before* Debtors filed their Complaint on August 7, 2023. Debtors attempt to recast their challenges to PLS's standing to foreclose in the Foreclosure Action as separate and distinct federal and common law claims. However, Debtors' allegations relate back to the Foreclosure Action and the MSJ. Thus, no matter how Debtors attempt to re-imagine their allegations against PLS, they are identical to Debtors' claims in the Foreclosure Action.

Moreover, the claims asserted in the Complaint are "inextricably intertwined" with the Foreclosure Action because Debtors had the opportunity to litigate their challenges to PLS's

14

standing to foreclose and purported fraud upon the Court in the Foreclosure Action. For example, Debtors' opposition to the MSJ alleged PLS lacked standing to foreclose and committed fraud upon the Court. *See* Roberts Decl., Exs 12. Notably, the Foreclosure Court rejected these claims. *Id*. at Ex. 14.

Because Debtors' Action improperly attempts to seek federal appellate review of the MSJ and undo the results of Foreclosure Action, this Court lacks subject matter jurisdiction over the Complaint. Accordingly, this Court must dismiss the Complaint with prejudice.

### F.    Debtors' Claims Are Barred by the Anti-Injunction Act

The Anti-Injunction Act provides that: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Second Circuit has held that the Anti-Injunction Act applies to state court foreclosure proceedings. *See Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972) (holding that the Anti-Injunction Act did not permit injunction of state court foreclosure proceeding). Specifically, the Anti-Injunction Act applies when the requested injunction would either stay the ongoing state court proceedings or prevent the parties from enforcing an order that has already issued. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970); *Dekom on Behalf of Little People v. Fannie Mae*, No. 17-CV-2712(JFB)(ARL), 2018 WL 4522080, at *2 (E.D.N.Y. Mar. 14, 2018) (dismissing plaintiff's claim to "enjoin[ ] the 2nd Department from further adjudication" pursuant to Anti-Injunction Act); *see also Wenegieme v. U.S. Bank Nat'l Ass'n*, No. 16-CV-2634 (AMD), 2016 WL 3348539, at *2 (E.D.N.Y. June 9, 2016) ("plaintiff's complaint seeking injunctive relief with regard to the ongoing foreclosure proceeding is barred by the Anti-Injunction Act"); *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210 SJF ARL, 2015

WL 5884797, at *5 (E.D.N.Y. Oct. 8, 2015) (dismissing injunctive claims with prejudice as barred by Anti-Injunction Act and *Younger* abstention doctrine).

Here, Debtors' Complaint vaguely requests "injunctive relief" and requests that "all stays remain in place until the court decides the case outcome." Complaint, pg. 2:12; 3:3-4. To the extent Debtors are seeking an injunction to stay the Foreclosure Action, the requested relief is not expressly authorized by Congress, in aid of federal jurisdiction, or does not protect or effectuate a federal judgment. *See Dekom*, 2018 WL 4522080, at *2.[3] Accordingly, the Anti-Injunction Act bars Debtors' request for injunctive relief, and such claims must be dismissed.

### G. The *Younger* Abstention Doctrine Bars Debtors' Claims

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the United States Supreme Court held that the district court does not have jurisdiction over injunctive relief claims. *See Hansel v. Town Court*, 56 F.3d 391, 393 (2d Cir. 1995) (*Younger* applies to claims for injunctive and declaratory relief). *Younger* abstention is triggered by three categories of state court proceedings: (i) state criminal prosecutions; (ii) civil enforcement proceedings; and (iii) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

"The *Younger* requirements are more than adequately satisfied when mortgage foreclosure proceedings, which concern the disposition of real property and hence implicate important state interests, are pending in state court, and there is no reason to doubt that the state proceedings provide the would-be federal plaintiff with an adequate forum to make the arguments he seeks to

---

[3] To the extent Debtors are requesting that the Court extend the automatic stay pursuant to 11 U.S.C. 362, such request for relief is improper in this Adversary Proceeding. The Court already granted PLS's motion for relief from the automatic stay in the Second Bankruptcy Action on August 21, 2023. Dkt. No. 22. Any objection to the Court's granting of the motion should be made in the Second Bankruptcy Action through an appeal of such order, not in this Adversary Proceeding.

16

raise in federal court.'" *LaTouche v. Wells Fargo Home*, 2017 WL 8776975, at *5 (E.D.N.Y. Aug. 25, 2017) (internal citations and quotations omitted); *see also Hall v. US Bank CEO Andrew Cecere, et al.*, 2020 WL 705212, at *2 (E.D.N.Y. Feb. 12, 2020) (holding a plaintiff's request for injunctive relief, as part of his challenge to a pending foreclosure action in state court, must be dismissed pursuant to *Younger* doctrine).

Here, the Foreclosure Action remains pending. Roberts Decl., Ex. 5. Yet, in this federal action, Debtors seemingly seek injunctive relief relating to the same property that is the subject matter of the Foreclosure Action. Complaint, pg. 2:12; 3:3-4. It is well-established that the *Younger* requirements are met in matters such as this. *See LaTouche*, 2017 WL 8776975, at *5; *Hall*, 2020 WL 705212, at *2; *Wenegieme*, 2016 WL 3348539, at *2; *Hussian v. U.S. Bank Nat'l Ass'n*, No. 18cv3250, 2018 WL 2744725, at *2 (E.D.N.Y. June 7, 2018) (holding that any challenge to a pending foreclosure proceeding in state court is barred by *Younger* abstention). Accordingly, this Court should dismiss the Complaint under the *Younger* abstention doctrine.

## II. DEBTORS' COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(6) BECAUSE DEBTORS FAIL TO STATE A CLAIM AS A MATTER OF LAW

Even if the Court finds that it has subject matter jurisdiction, which PLS disputes, the Court must dismiss Debtors' Complaint under Rule 12(b)(6) because (1) *res judicata* and collateral estoppel preclude Debtors' claims; and (2) Debtors' Complaint fails to state a claim for violations of TILA, the FCRA, or the FDCPA, or breach of contract and fraud as a matter of law.

### A. Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) permits a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *accord Harris v. Mills,* 572 F.3d 66, 71–72 (2d

Cir.2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *accord Harris,* 572 F.3d at 72.

Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion. *See Iqbal,* 556 U.S. at 679 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

For a *pro se* plaintiff's complaint, courts consider whether, taking the allegations of the complaint as true, and reviewing them under a less stringent standard than formal pleadings drafted by counsel, it appears to a certainty that a plaintiff can prove no set of facts entitling him to relief. *See Sutton v. Rodriguez*, 2020 WL 5504312 (S.D.N.Y. Sept. 8, 2020) ("because *pro se* plaintiffs are often unfamiliar with the formalities of pleadings requirements, court must apply a more flexible standard in determining the sufficiently of a *pro se* complaint than they would in reviewing the complaint of an individual represented by counsel"); *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Conley v. Gibson,* 355 U.S. 41 (1957). However, a *pro se* plaintiff must still meet the minimum pleading requirements. *See Thomas v. Westchester Cty.*, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements").

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider "any written instrument attached to the complaint" and "statements or documents incorporated into the

complaint by reference." *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 402

(citing *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)); *MacEntee*

*v. IBM (International Business Machines)*, 783 F. Supp. 2d 434, 442 (S.D.N.Y. 2011) ("In deciding

a motion to dismiss, the Court is not limited to the face of the complaint."); *Steger v. Delta Airlines,*

*Inc.*, 382 F. Supp. 2d 382, 385 (E.D.N.Y. 2005) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d

147, 153 (2d Cir. 2002) ("In addition, a plaintiff's reliance on a particular document in drafting

the complaint allows the court to consider that document in deciding a motion to dismiss."); *Wilson*

*v. Kellog Co.*, 628 Fed. Appx. 59 (2d Cir. 2016); *Armstrong v. Simon & Schuster*, 85 N.Y.2d 373,

377 n.1, 625 N.Y.S.2d 477, 478 n. 1 (1995).[4]

## B. *Res Judicata* and Collateral Estoppel Bar Debtors' Complaint

Debtors' Complaint must be dismissed with prejudice because *res judicata* and collateral

estoppel bar Debtors' claims.

*Res judicata,* or "claim preclusion," precludes a litigant from asserting any claims arising

out of the same transaction or series of transactions that were or could have been raised in a prior

proceeding "even if based upon different theories or if seeking a different remedy." *In re Hunter,*

4 N.Y.3d 260, 269, 794 N.Y.S.2d 286 (2005) (quotation omitted); *Peters v. Timespan*

*Communications, Inc.,* 2000 WL 340900, at *4 (S.D.N.Y. Mar. 30, 2000) (To determine whether

a suit arises out of the same facts as an earlier lawsuit a court "look[s] to whether the underlying

facts are related in time, space, origin, or motivation, whether they form a convenient trial unit,

and whether their treatment as a unit conforms to the parties expectations.") (citations omitted).

---

[4] *See also Int'l Audiotext Network v. America Tel & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("the complaint is deemed
to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by
reference . . . ."); *Weiss v. Village of Sag Harbor*, 762 F. Supp. 560, 567 (E.D.N.Y. 2011) (in deciding a motion to
dismiss a court is entitled to consider, inter alia, "documents 'integral' to the complaint and relied upon in it, even if
not attached or incorporated by reference" and "documents or information contained in defendant's motion papers if
plaintiff has knowledge or possession of the material and relied on it in framing the complaint").

Significantly, "[e]ven if there are variations in the facts alleged or different relief is sought, if the actions are grounded on the same gravamen of the wrong *res judicata* applies." *Yeiser v. GMAC Mortgage Corp.,* 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008); *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357 (1981) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.").

To invoke *res judicata,* a party must "show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Harding v. Paramount Pictures,* 2013 WL 174401, at * 5 (S.D.N.Y. Jan. 16, 2013) (citations omitted); *Dekom v. Fannie Mae*, *supra* at *29-30 ("although Dekom did not assert claims under RESPA, TILA, FDCPA . . . and RICO in the state actions, he certainly had the opportunity to do so."). A final judgment of foreclosure and sale is a previous adjudication on the merits for *res judicata* purposes. *See Swiatkowski v. Citibank,* 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010), *aff'd , 446* F. App'x 36 (2d Cir. 2011).

Similarly, collateral estoppel prohibits a party from re-litigating an issue where "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995) (citations omitted); *Phifer v. City of New York*, 289 F.3d 49, 56 (2d Cir. 2002); *Slavin v. Benson,* 493 F. Supp. 32, 34 (S.D.N.Y 1980) (Collateral estoppel requires "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and . . . there must have been a full and fair opportunity to contest the decision now said to be controlling.") (quotation omitted).

136044.02096/132767026v.3

The claims to be precluded do not need to be identical in both matters, so long as the core issue is necessary for both claims. *See Graham v. Select Portfolio Servicing*, 156 F. Supp. 3d 491, 506 (S.D.N.Y. 2016) (holding where standing is a necessary predicate for claims, it does not matter if a specific claim was litigated in state court for preclusive effect); *Slavin*, 493 F. Supp. at 33-34 ("certain questions actually litigated and determined in one action are precluded from re-litigation in a later action when the issues arise anew, even in a suit on a different cause of action.").

Here, all the elements to invoke *res judicata* and collateral estoppel are met. First, the Foreclosure Action was adjudicated on the merits, as the Foreclosure Court granted the MSJ in favor of PLS, despite Debtors' Opposition. *See* Roberts Decl., Ex. 14.

Second, Debtors clearly had multiple opportunities in the Foreclosure Action to litigate the issues and questions they re-raise in the Complaint. Debtors have already (1) had the opportunity to challenge PLS's standing to foreclose; and (2) alleged PLS committed fraud in the Foreclosure Action. Roberts Decl. Exs. 6, 8, 12. The State Court considered, adjudicated and determined these issues in favor of PLS and rejected Debtors' claims.

Third, Debtors and PLS were both parties to the Foreclosure Action.

Fourth, although Debtors attempt to restyle their claims as purported TILA, FCRA, FDCPA, breach of contract and fraud claims, the crux of Debtors' Complaint is their challenge to PLS's standing to foreclose in the Foreclosure Action.[5] *See* Complaint, ¶ 3; pg 3:2-3, 8-19; 4:8-12; 5:12-13; Ex. A. These claims were already litigated in the Foreclosure Action and all arise out of the same transaction – the Loan and the Foreclosure Action. Moreover, since the State Court

---

[5] Even if not barred by *res judicata* or collateral estoppel, a plaintiff's lack of standing cannot be the basis for a cause of action, but, rather, may only be asserted as an affirmative defense to the action. *See Jones v. Deutsche Bank Nat'l Trust, Co.*, 2013 U.S. Dist. LEXIS 30220 (E.D.N.Y. March 1, 2013) (standing is an affirmative defense and not a substantive claim for relief that can be granted); *Karamath v. United States Bank*, 2012 U.S. Dist. LEXIS 135038, at *23-24 (E.D.N.Y. Aug. 29, 2012) (plaintiff may only challenge defendants' standing upon the commencement of a foreclosure action by defendants against plaintiff).

136044.02096/132767026v.3

granted PLS's MSJ in the Foreclosure Action, and Debtors did not appeal the MSJ Order, such judgment is a final adjudication of the merits with respect to Debtors' liability on the Loan as a matter of law.[6]  As such, Debtors' claims are barred by *res judicata*.

Finally, to the extent Debtors purport to allege additional claims in this Action, these claims could have, and should have, been raised in the Foreclosure Action since such claims relate to, and arise from, the Loan instruments; therefore, Debtors' claims are also barred by collateral estoppel. *See Graham*, *supra*, 156 F. Supp.3d at 506 (holding that based on collateral estoppel, mortgagor was barred from asserting claims against bank, in district court, for violations of securities laws, debt collections laws, and violations of the False Claims Act (FCA), where those causes of action were predicated on claim that the bank lacked standing which the state court had litigated and had held that the bank had standing to foreclose); *Walker v. Pitnell*, 2020 WL 5764102, at *5-6 (E.D.N.Y. Sept. 26, 2020) (granting motion to dismiss based on collateral estoppel, among other things, where "the state court considered and decided the same issues that Plaintiff now raises in his FDCPA claims against Defendant HSBC, namely, that HSBC 'seeks to steal [P]laintiff's property with [f]ake documents' . . . 'had no valid interest in [Plaintiff's] chain of title' . . . and 'had no interest in the security instrument'" and  such issues were "restyled as FDCPA claims – in federal court").  For all these reasons, the Court must dismiss Debtors' Complaint with prejudice.

### C. Debtors' FDCPA Claim Fails as a Matter of Law

Debtors' Complaint alleges PLS violated the FDCPA.  Complaint, ¶ 2; pgs 2:11-14; 3:20-21.  Debtors' FDCPA claim fails as a matter of law.

---

[6] For instance, to the extent Debtors' purported FDCPA claim is based on the allegation that PLS is "attempting to collect a non-existent debt that is not in default" (*id*. at pg 2: 21-22), the State Court's entry of the MSJ Order determined that the debt at issue exists, was in default and that PLS had the right to foreclose on the Loan.

To assert a claim under the FDCPA, a plaintiff must allege three threshold requirements: (i) plaintiff is a consumer; (ii) defendant is a "debt collector;" and (iii) defendant's act or omission violated the FDCPA. *See Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015).

While Debtors allege they are consumers under the FDCPA (Complaint, ¶ 2), the Complaint does ***not*** allege PLS is a "debt collector." Thus, Debtors' FDCPA claim fails as a matter of law. *See Herrera v. Navient Corps.*, 2020 WL 3960507, at * 4 (E.D.N.Y. July 13, 2020) ("because the plaintiff has not pleaded sufficient factual allegations to classify the defendants as debt collectors within the meaning of the FDCPA, this claim must be dismissed"). In fact, Debtors allege the opposite: "Defendants are not debt collectors or engaged in debt collecting as defined in the [FDCPA]." Complaint, pg. 3: 20-21.

Regardless, the Complaint fails to plead a violation of the FDCPA because it does not allege what practices were deceptive or abusive, and, instead, contains vague and conclusory allegations regarding a violation of the FDCPA. Such vague and conclusory allegations fail to state a claim under the FDCPA. *See Moore v. Diversified Collection Servs., Inc.*, 2009 WL 1873654, at *4 (E.D.N.Y. June 29, 2009) (dismissing portion of FDCPA claim containing conclusory allegations); *Sembler v. Attention Funding Trust,* 2009 WL 2883049, at *2 (E.D.N.Y. Sept. 3, 2009) (plaintiff's claims were "too vague and conclusory to state a claim under the FDCPA), *report and recommendation adopted*, 2009 WL 3055347 (E.D.N.Y Sept. 24, 2009). Thus, the Court must dismiss Debtors' FDCPA claim.[7]

---

[7] To the extent Debtors allege that PLS violated the FDCPA by commencing the Foreclosure Action, the Foreclosure Action was commenced on June 27, **2019**. Thus, the statute of limitations to assert an FDCPA claim expired on June 27, **2020**. However, Debtors did not commence this Action until August 8, 2023 – almost 3 years after the statute of limitations for any alleged FDCPA had already expired. *See* 15 U.S.C. § 1692k(d); *see also Bonner v. The Bank of New York Mellon*, 2016 WL 1426515, at *2 (E.D.N.Y. Feb. 22, 2016) (holding plaintiff's claims under the FDCPA stemming from statements made in a lawsuit are untimely and must be dismissed as they exceed one year from filing

23

### D.  Debtors' TILA Claim Is Time-Barred

Like the rest of their Complaint, Debtors vaguely assert that PLS violated TILA. Complaint, pg. 6: 3.  Pursuant to TILA, 15 U.S.C. § 1635(f), the statute of limitations is, *at most*, three years upon the funding of the loan.  *See Grimes v. Fremont General Corp.*, 785 F. Supp. 2d 269, 285 (S.D.N.Y. 2011).  Here, Debtors executed the Note and Mortgage on May 4, 2015.  Yet, Debtors did not allege their TILA claim until August 7, 2023 – more than eight years after the Note and Mortgage were executed and well beyond the three-year statute of limitations.  To the extent Debtors are alleging a violation under Regulation Z, Debtors' purported TILA claim is barred by the statute of limitations, which is one year from the incident or occurrence.  *See* 15 U.S.C. § 1640(e); *McCarty v. The Bank of New York Mellon*, 2015 WL 5821405 (S.D.N.Y. 2015). Thus, Debtors would have had to assert a Regulation Z claim by 2016 – one year after origination, which they failed to do. Therefore, Debtors' TILA claim  and Regulation Z claim are time-barred and must be dismissed.

### E.  Debtors' FCRA Claim Fails as a Matter of Law

Debtors' Complaint alleges PLS violated the FCRA.  Complaint, ¶ 2; pgs 2:14.  Debtors' FCRA claim also fail as a matter of law.

Section 1681s–2 of the FCRA generally imposes two types of duties on persons who furnish information to credit reporting agencies:  (1) duties to provide accurate information under certain circumstances, *see* 15 U.S.C. § 1681s–2(a); and (2) duties upon notice of dispute. 15 U.S.C. § 1681s–2(b).  A violation of any of the duties described in section 1681s–2(a) ***does not*** give rise to a private right of action.  *See* 15 U.S.C. § 1681s–2(c)(1); § 1681s–2(d); *see also Barberan v.*

---

of the lawsuit); *Anthony v. Fein Such*, 2016 LEXIS 132878, at *10-11 (N.D.N.Y Sept. 28, 2016) (holding when the alleged violation of the FDCPA is the filing of a lawsuit, the statute of limitations begins to run on the filing of the complaint, not on service of the complaint).

136044.02096/132767026v.3

*Nationpoint*, 706 F. Supp. 2d 408 (S.D.N.Y. 2010) ("[N]o private right of action exists for violations of 1682s-2(a) because this provision 'shall be enforced exclusively' by government officials.'"). Moreover, the Complaint contains no allegation that Debtors disputed their credit reporting to any of the credit reporting agencies. As such, Debtors' FCRA claim fails as a matter of law and must be dismissed.

### F. Debtors' Breach of Contract Claim Fails as a Matter of Law

Debtors' conclusory breach of contract fails to state a claim. Complaint, pg. 2:14. To state a claim for breach of contract under New York law, a party must prove: "(1) the existence of a contract; (2) performance of the contract by the injured party; (3) breach by the other party; and (4) damages." *JPMorgan Chase Bank, N A. v. Controladora Comercial Mexicana S.A.B. DE C.V,* 29 Misc. 3d 1227(A), 1227A, 920 N.Y.S.2d 241, 241 (Sup. Ct. N.Y. Cty. 2010), citing *Morris v. 702 E. Fzfih St. HDFC,* 46 A.D.3d 478, 850 N.Y.S.2d 6 (1st Dept. 2007); *Noise in the Attic Prods., Inc. v. London Records,* 10 A.D.3d 303, 782 N.Y.S.2d 1 (1st Dept. 2004).

Here, Debtors have not alleged any breach by PLS (or damages) necessary to establish a breach of contract. In fact, Debtors' claim fails to allege a valid contract between them and PLS, or identify any specific provisions that they claim PLS breached. *See Niagara Restitution Servs., Inc. v. Degen*, No. 15-CV-580-FPG, 2016 WL 3004665, at *3 (W.D.N.Y. May 23, 2016) (dismissing breach of contract claim where plaintiff failed to "provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue"); *Ridenhour v. Bryant*, No. 1:19-CV-2587 (ALC), 2020 WL 1503626, at *4 (S.D.N.Y. Mar. 29, 2020) (dismissing breach of contract claim where plaintiff failed to allege existence of valid contract). To the extent Debtors' mere mention of the Note they executed in favor of Plaza Home Mortgage Inc. is deemed sufficient to constitute an

25

allegation of a contract, Debtors' breach of contract claim still fails because (1) Debtors failed to perform under the Note by failing to make payment when due (PennyMac Affidavit, Exs. 6 & 12 therein); (2) the Complaint fails to allege any actions taken by PLS that purportedly breached the contract; and (3) damages resulting from the purported breach. Accordingly, Debtors' breach of contract claim fails as a matter of law and must be dismissed.

### G. Debtors' Fraud Claim Is Insufficiently Plead

Debtors' Complaint also contains a vague and conclusory fraud claim. Complaint, pg 2:14. This claim fails because Debtors failed to meet the stringent pleading requirements of Rule 9(b). Specifically, Fed. R. Civ. P. Rule 9(b) requires "particularity in pleading circumstances constituting fraud." Fed. R. Civ. P. Rule 9(b).

To allege fraud, the plaintiff must identify the specific fraudulent statements, who made the statements, when and where they were made, and why the statements made were fraudulent. *See Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197 (2d Cir. 2013). "The Complaint must therefore state with particularity the circumstances of the fraud under Rule 9(b) and contain sufficient facts, accepted as true, to state claims for relief for common-law fraud that are facially plausible under Rule 8(a)(2)." *Woori Bank v. RBS Sec., Inc.*, 910 F. Supp. 2d 697, 701 (S.D.N.Y. Dec. 27, 2012).

Here, Debtors' conclusory allegation of fraud fails to meet the heightened pleading requirements under Rule 9(b) and therefore, must be dismissed as a matter of law.

### H. Debtors' References to Various State and Federal Statutes Are Insufficient to State a Claim Under Rule 8(a)(2)

Debtors seemingly also allege PLS violated "New York State statutes," a violation of title,[8]

---

[8] Debtors cite to 11 U.S.C. § 524(A)(2) to support their purported violation of title claim. However, Section 524(A)(2) provides that a discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor,

18 U.S.C. § 1961 improperly titled "The Fair Debt Practices Act," 18 U.S. Code 8 "Obligation or other security of the Unites States defined," UCC1 28:1-308 "performance or acceptance under reservation of rights," and CODE 31.23 "payment of obligation and interest on a public debt." Complaint, ¶ 2; pg 2:15-16; pg 6 Statement of Authority. Further, Debtors make an unintelligible argument about a Proof of Claim. *Id.* at pg.5: 208, Ex. B. However, Debtors' sweeping unintelligible allegations are not facially plausible and fall far short of the fair notice requirement under Rule 8(a)(2). Therefore, Debtors' allegations that PLS violated various statutes, without more, should be dismissed with prejudice.

## **CONCLUSION**

For all the foregoing reasons, PLS respectfully requests that this Court dismiss Debtors' Complaint with prejudice and grant such other and further relief as may be just and proper.[9]

---

whether or not discharge of such debt is waived." Here, not only have Debtors insufficiently alleged a claim for a violation of the discharge injunction, which must be pled with sufficient particularly (s*ee In re Golden*, 596 B.R. 239, 258 (E.D.N.Y. 2019; Fed. R. Bankr. P. 9013), but Debtors have not been discharged and therefore any claim under Section 524(A)(2) is premature. Regardless, any such discharge would not preclude PLS from proceeding with the Foreclosure Action; rather, it would only preclude PLS from seeking a deficiency judgment against Debtors. *See In re Wilson*, 492 B.R. 691, 696 (Bankr. S.D.N.Y. 2013 (discharge injunction "only prevents enforcement of personal liability; it does not prevent foreclosure of a mortgage that remains in default after a discharge is issued"); *Rinaldi v. Green Tree Servicing LLC*, 2015 WL 5474115, at *4 (S.D.N.Y. June 8, 2015) ("unless the plaintiff in a foreclosure proceeding seeks a deficiency judgment holding the debtor liable for the unpaid balance (if any) remaining on the loan after the foreclosure sale, the discharge injunction will not bar a foreclosure action").

[9] The Court should grant a dismissal *with prejudice* because any amendment would be futile given the nature of Debtors' claims, which all arise from, and relate to, the Loan and the Foreclosure Action. *See Walker v. Pitnell*, 2020 WL 5764102, at *7.

136044.02096/132767026v.3

Dated: New York, New York
      September 6, 2023

Respectfully submitted,

By: _/s/ Andrea M. Roberts_          
     Andrea M. Roberts
     Diana M. Eng
     BLANK ROME LLP
     1271 Avenue of The Americas
     New York, New York 10020
     (212) 885-5000
     *Counsel for Defendant PennyMac Loan Services, LLC*

136044.02096/132767026v.3